IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2015


**ANTHONY WILLIAMS v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Shelby County
No. 1102277      J. Robert Carter, Jr., Judge**

_____


**No. W2014-02313-CCA-R3-PC  -  Filed August 18, 2015**

_____


Petitioner, Anthony Williams, was convicted of first degree murder and especially aggravated robbery and sentenced to an effective sentence of life in prison.  *State v. Anthony Williams*, No. W2012-00014-CCA-R3-CD, 2012 WL 5355706, at *4 (Tenn. Crim. App. Oct. 31, 2012).  Petitioner now alleges that his trial counsel was ineffective for: (1) failing to test the victim's jacket for soot and gunpowder; (2) failing to inquire into a deal that was struck between the State and a witness; (3) failing to object to the trial court's giving a jury instruction on flight; (4) failing to show petitioner a video recording prior to trial; and (5) failing to impeach a witness.  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Anthony Williams, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Amy P. Weirich, District Attorney General; and Meghan Fowler, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts**

A. Facts from Trial

The victim suffered multiple gunshot wounds outside of a store on December 26, 2010, causing him to bleed to death. *Id.* at *1. Surveillance cameras recorded the shooting, and witnesses identified petitioner as the shooter. *Id.* Reginald Williams,[1] petitioner's cousin, testified that the victim offered to sell Mr. Williams and petitioner marijuana. *Id.* The victim and petitioner got into a fight, and then petitioner removed something from the victim's pocket and shot the victim multiple times. *Id.* Mr. Williams explained that after the shooting, petitioner ran from the scene. *Id.* Lisa Barnes, Ms. Barnes' fourteen-year-old son S.B.,[2] and thirteen-year-old F.M. witnessed the shooting and identified petitioner as the shooter. *Id.* at *2. The jury convicted appellant of first degree murder and especially aggravated robbery. The trial court sentenced appellant to life in prison for the murder conviction and to fifteen years for the robbery conviction, aligning the convictions concurrently, for a total effective sentence of life in prison.

B. Facts from Post-Conviction Hearing

Petitioner was appointed counsel prior to his post-conviction hearing, but petitioner decided to proceed pro se at both the post-conviction hearing and on appeal. Although it appears from the record that the post-conviction court heard and considered testimony from an evidentiary hearing on October 17, 2013, the appellate record only contains the transcripts of multiple report dates[3] and a hearing that was conducted on June 27, 2014. Accordingly, our summary of the facts from the post-conviction hearing is limited to the evidence presented on June 27, 2014.

---

[1] Because Anthony Williams (petitioner) and Reginald Williams share the same last name, to avoid confusion, we will refer to Anthony Williams as "petitioner" and Reginald Williams as "Reginald Williams" or "Mr. Williams" throughout the body of this opinion.

[2] In furtherance of this court's policy to protect the identity of minors, we will refer to the minors associated with this case by their initials.

[3] In its order, the post-conviction court specifically refers to a November 21, 2013 hearing. This transcript was included in the appellate record. However, during the hearing, the parties merely discussed potential issues that petitioner wanted to include in his petition, petitioner's desire to dismiss his appointed attorney, and a missing witness. Therefore, because no relevant evidence was presented at this hearing, we have not included it in our summary of the facts.

Trial counsel testified that he did not know if Reginald Williams and the State had made any type of agreement and that he did not know if Mr. Williams had ever been a defendant in the case. Trial counsel agreed that Mr. Williams may have been a suspect during the police investigation but acknowledged that he never inquired about an alleged agreement between the State and Mr. Williams. Trial counsel stated that he did not have the victim's jacket tested for soot and gunpowder because he had no "legal reason" to submit it for testing. Trial counsel stated that his strategy at trial was to prove that petitioner was not the perpetrator of the shooting. Trial counsel stated that he could not recall if F.M. was incarcerated at the time of petitioner's trial and explained that unless F.M. had a criminal conviction, trial counsel could not have impeached F.M. with his bad conduct. Trial counsel asserted that he showed petitioner and petitioner's parents the surveillance video recording of the shooting prior to trial and that petitioner watched the video several times. Trial counsel explained that based on the facts of the case — petitioner's fleeing the scene of the shooting and later arrest by law enforcement — he did not believe that there was a sufficient legal basis to object to a jury instruction on flight.

During cross-examination, trial counsel stated that he conducted his cross-examination of witnesses based on his knowledge of the facts of the case. Trial counsel also testified that a juvenile witness could not be impeached with juvenile incarceration. Trial counsel agreed that testing the victim's jacket was irrelevant to the case and did not conform to the trial strategy. Trial counsel testified that there was proof presented at petitioner's trial that the perpetrator of the shooting ran from the scene and was not located soon thereafter.

Petitioner testified that he did not see the surveillance video of the shooting until trial. Following the hearing, the post-conviction court denied the petition. This appeal follows.

## II. Analysis

Petitioner argues that his trial counsel was ineffective for: (1) failing to test the victim's jacket for soot and gunpowder; (2) failing to inquire into a deal that was struck between the State and a witness; (3) failing to object to the trial court's giving a jury instruction on flight; (4) failing to show petitioner a video recording prior to trial; and (5) failing to impeach a witness. The State responds that trial counsel was not ineffective.

### A. Standard of Review

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United

States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the post-conviction court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the post-conviction judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App.1997)). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court held:

"[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or

-4-

incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

### B. Ineffective Assistance of Counsel Claims

### 1. Testing the Victim's Jacket

Petitioner argues that trial counsel should have had the victim's jacket tested for soot and gunpowder because the absence of these substances would show that the shooting was not close range, which was the State's assertion. At the post-conviction hearing, trial counsel stated that he did not have the jacket tested because he had no "legal reason" to submit it for testing. Trial counsel stated that his strategy at trial was to prove that petitioner was not the perpetrator of the shooting; therefore, testing the victim's jacket was irrelevant to petitioner's defense and did not conform to the trial strategy. Petitioner concedes that the victim's pants were tested and were free of soot and gunpowder. Based on this information, petitioner has failed to prove that trial counsel was deficient. Trial counsel had a clear and reasonable trial strategy to challenge the identity of the perpetrator. Whether the shooting was close range was not determinative of this theory and is especially unavailing given that the jury saw a video of the shooting occur. Petitioner is without relief as to this issue.

## 2. Deal with Reginald Williams

Petitioner argues that trial counsel was ineffective for failing to inquire into a deal that was made between the State and Reginald Williams. However, a petitioner in a post-conviction case bears the burden of proving all factual allegations by clear and convincing evidence, Tenn. Code Ann. § 40-30-110(f), and petitioner has failed to provide any proof that such a deal was even made, much less that trial counsel was deficient in failing to investigate such an agreement. Petitioner is not entitled to relief in this instance.

## 3. Flight Jury Instruction

Petitioner also argues that trial counsel was deficient in failing to object to a jury instruction on flight. "It is well-settled that a defendant has a constitutional right to a complete and correct charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Dorantes*, 331 S.W.3d 370, 390 (Tenn. 2011) (citations omitted). It is the duty of the trial judge to properly instruct the jury as to the law governing the issues fairly raised by the evidence introduced at trial and the nature of the proceedings. *Id.* (quoting *State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990)). To properly charge the jury regarding flight, there must be sufficient evidence of "'both a leaving of the scene of the difficulty and a subsequent hiding out, evasion or concealment in the community, or a leaving of the community for parts unknown.'" *State v. Burns*, 979 S.W.2d 276, 289-90 (Tenn. 1998) (emphasis omitted) (quoting *State v. Payton*, 782 S.W.2d 490, 498 (Tenn. Crim. App. 1989)).

Petitioner asserts that he did not attempt to hide from police and that he was found in his mother's house. However, petitioner presented no evidence of this fact at the post-conviction hearing. A petitioner in a post-conviction case bears the burden of proving all factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). Trial counsel testified at the post-conviction hearing that based on the facts of the case, he did not believe that there was a sufficient legal basis to object to a jury instruction on flight in petitioner's case. The evidence at trial showed that the shooter ran from the scene of the shooting. *See Anthony Williams*, 2012 WL 5355706, at *1. One of the investigating police officers also testified at trial that petitioner was found as a result of a Crime Stoppers' tip. *Id.* at *3. Petitioner's assertion that he was found at his mother's house does not negate the propriety of a flight instruction in these circumstances. Therefore, trial counsel was not deficient in failing to object to the flight jury instruction. Furthermore, petitioner has failed to prove prejudice because even if the flight instruction had not been given, there were still four eyewitnesses that identified petitioner as the shooter, which shows that even without the instruction, there was not a reasonable probability that the trial would have had a different outcome. Petitioner is not entitled to relief.

### 4. Video Recording

Petitioner also argues that trial counsel failed to show him the video recording of the shooting prior to trial. However, at the post-conviction hearing, trial counsel asserted that he had shown both petitioner and petitioner's family the video and that petitioner viewed the video several times prior to trial. Furthermore, even if petitioner's assertion is true, petitioner has failed to establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different given the four witness identifications of him. Petitioner has failed to show that trial counsel was deficient or that he suffered any prejudice; therefore, he is not entitled to relief.

### 5. Impeachment of F.M.

Lastly, petitioner argues that trial counsel was ineffective for failing to inquire into F.M.'s incarceration during trial and any alleged deal F.M. had made with the State, which would have allowed trial counsel to impeach F.M. with this information. However, petitioner failed to present any proof that F.M. was incarcerated during his trial or that any deal was made with the State. A petitioner in a post-conviction case bears the burden of proving all factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). At the post-conviction hearing, trial counsel testified that he could not recall if F.M. was incarcerated during petitioner's trial but asserted that he could not have impeached F.M. with evidence of juvenile incarceration. Tennessee Rule of Evidence 609(d) states that evidence of a juvenile adjudication is generally not admissible but that a court "may, however, allow evidence of a juvenile adjudication of a witness other than the accused in a criminal case if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination in a civil action or criminal proceeding." In light of all of this information, petitioner has failed to show that trial counsel was deficient in failing to impeach F.M. with any alleged juvenile adjudication or inquire into any alleged transaction with the State. As such, petitioner is not entitled to relief.

### CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE